| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Plaintiff | |
| Robert Maxwell Simon<br>Stacey Helene Simon<br><br>       Plaintiff<br><br>      vs.<br><br>FIA Card Services, N.A.; Weinstein & Riley, P.S.<br><br><br>       Defendants | COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**PRELIMINARY STATEMENT**

1. This is an action brought by the Plaintiff (hereinafter the "Plaintiff") seeking the recovery of damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. (the "FDCPA").

## JURISDICTION

2.    Jurisdiction over this matter is provided pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

3.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b) of the United States Code because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendant regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

4.    This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.    The Plaintiff is a married couple residing in Basking Ridge, New Jersey and filed a petition in bankruptcy under chapter 7 of Title 11 of the United States Code on December 30, 2010.

6.    On information and belief, Defendant FIA Card Services ("FIA") is a corporation organized under the laws of the state of Delaware. FIA is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

7.    On information and belief, Defendant Weinstein & Riley (the "Weinstein Firm," and collectively with FIA, the "Defendants") is a law firm with a place of business at 14 Penn Plaza, Suite 1300, New York, New York. The Weinstein Firm is a "Debt Collector" as that term is defined by the FDCPA, 15 USC §1692(a)(6).

## FACTUAL ALLEGATIONS

8. The Plaintiff filed a chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on December 30, 2010 (the "Petition Date").

9. The Plaintiff was forced to file this bankruptcy case because of high medical costs and extended periods of unemployment and underemployment.

10. On or about January 28, 2011, the Weinstein Firm caused to be transmitted to the Plaintiff's counsel two pieces of correspondence (the "Notices"), one with respect to Mr. Simon and one with respect to Mrs. Simon, stating that FIA was contemplating a nondischargeability proceeding against them. The Notices each included a document that appears to be a subpoena (the "Subpoenas") commanding examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure to be held at the Weinstein Firm's offices in New York. A copy of the Notice referring to Mr. Simon is attached hereto as Exhibit A and a copy of the Notice referring to Mrs. Simon is attached hereto as Exhibit B.

11. Each of the Notices offered to the settle the debt to FIA in a reduced amount to prevent the filing of a nondischargeability action.

12. Thus, the Notices were attempts to collect a debt within the meaning of the FDCPA.

13. Each of the Subpoenas contained a certification signed by Kenneth S. Jeannette, Esq. attesting that "a true and correct copy of the foregoing has been mailed on January 28, 2011 to the above addresses." The addresses listed were the Plaintiff's home address in Basking Ridge, New Jersey and the Plaintiff's counsel's office in Summit, New Jersey.

14. In fact, the Weinstein Firm did not mail a copy of the Subpoenas to the Plaintiff.

15. The Plaintiff consists of two educated, organized people who have a high attention to detail. They open their mail regularly and promptly. They were particularly attentive to correspondence during this time because of the nature of their financial difficulties and the existence of their bankruptcy case. They would have noticed had they received copies of the Subpoenas from the Weinstein Firm.

16. On or about January 31, 2011, Plaintiff's counsel received copies of the Notices in the mail. Shortly thereafter, the Plaintiff's counsel inquired of the Plaintiff about the Notices. The Plaintiff of course was unaware of the contents of the Notices because, notwithstanding the certification of Mr. Jeanette, the Weinstein Firm never mailed copies of the Subpoenas to the Plaintiff.

17. Rule 45 of the Federal Rules of Civil Procedure requires subpoenas to be sent directly to the appropriate witness.

18. On information and belief, the Weinstein Firm has a pattern and practice of failing to transmit copies of notices and subpoenas directly to the appropriate witness.

19. Plaintiff's counsel is active on numerous email listservs for bankruptcy attorneys and became aware of the Weinstein Firm's pattern and practice as a result of reviewing emails from colleagues on the subject.

20. On information and belief, the Weinstein Firm intentionally fails to transmit copies of documents such as the Subpoena directly to the witness because doing so would increase the chances that the witness will be aware of the correspondence.

21. The Subpoenas were defective in other respects.

22. For example, the Subpoenas commanded the presence of the Plaintiff for examination in New York rather than within the District of New Jersey as required by Rule 45(a)(2) of the Federal Rules of Civil Procedure.

23. The Subpoenas also failed to set out the text of Rule 45(c) and (d) of the Federal Rules of Civil Procedure as required by Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

24. The Subpoenas also failed to disclose the notice of recording method as required by Rule 45(a)(1)(B) of the Federal Rules of Civil Procedure.

25. Thus the Subpoenas were legally ineffective to achieve the apparent goal of having the Plaintiff appear and testify.

26. The Notices were a false, deceptive and misleading representation in connection with debt collection.

27. The Notices also failed to contain the warning that they constituted an attempt to collect a debt and that the communication is from a debt collector.

28. On or about February 18, 2011, the Plaintiff moved to quash the Subpoenas on the grounds stated above.

29. On or about February 23, 2011, the Plaintiff brought an action against the Defendants in the Bankruptcy Court (the "Bankruptcy Court Adversary Proceeding") based upon many of the same grounds stated herein.

30. On or about March 14, 2011 the Bankruptcy Court quashed the Subpoenas.

31. On or about April 26, 2011, the Bankruptcy Court ruled that it lacked subject matter jurisdiction over the Bankruptcy Court Adversary Proceeding and thereupon proceeded to dismiss it without prejudice.

## First Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

32. The allegations in paragraphs 1 through 31 of this complaint are realleged and incorporated herein by this reference.

33. The Defendants violated 15 U.S.C. §§ 1692e, and e(11) by sending collection notices that failed to contain the warning that they were attempts by a debt collector to collect a debt.

34. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

35. The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

## Second Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

36. The allegations in paragraphs 1 through 35 of this complaint are realleged and incorporated herein by this reference.

37. The Defendants violated 15 U.S.C. §§ 1692e, and e(5) by making false, deceptive and misleading representations and threatening to take actions that the Defendants could not legally take or that the Defendants intended not to take.

38. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

39. The Plaintiff is therefore entitled to an award of statutory damages, actual damages and legal fees pursuant to 11 U.S.C. § 1692k.

## Third Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

40. The allegations in paragraphs 1 through 39 of this complaint are realleged and incorporated herein by this reference.

41. The Defendants violated 15 U.S.C. §§ 1692e and e(13) by sending documents that purported to be legal process but that were legally ineffective.

42. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Plaintiff into doing whatever is necessary to pay the debt. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

43. The Plaintiff is therefore entitled to an award of statutory damages, actual damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendants respectfully prays of the Court as follows:

a. For a declaratory judgment that the conduct described herein violates the FDCPA;

b. That the Plaintiff be awarded and recover statutory damages for FDCPA violations;

c. That the Plaintiff be awarded and recover actual damages in an amount to be determined by this Court;

d. That the Plaintiff have and recover their reasonable legal fees in an amount to be determined by this Court;

e. That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

f. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 27th day of January, 2012.


/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff