| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Plaintiff | |
| Robert Maxwell Simon<br>Stacey Helene Simon<br><br>       Plaintiff<br><br>    vs.<br><br>FIA Card Services, N.A.; Weinstein & Riley, P.S.<br><br>       Defendants | Case No. 12-cv-00518-JAP-LHG |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

  The plaintiff in this action, Robert Maxwell and Stacey Helene Simon (collectively, the "Plaintiff"), hereby respond to the Motion to Dismiss (the "Motion") filed by the Defendants.

  The Defendants' Motion essentially makes two arguments, neither of which has any merit. The first is that a bankruptcy court's dismissal of a similar action for lack of subject matter jurisdiction precludes this litigation. This argument is simply misguided. The dismissal of an action for lack of subject matter jurisdiction has no preclusive effect. The Defendants' second argument is that the Bankruptcy Code precludes application of the Fair Debt Collection Practices

Act (the "FDCPA"). Again, this argument is mistaken and was specifically rejected by Judge Cavanaugh a few months ago when Defendant Weinstein & Riley raised it in similar litigation.

## DISCUSSION

**I.         The Bankruptcy Court's Dismissal Had No Effect On The Claims Presented Here.**

As the Defendants correctly note, the Plaintiff brought a similar action against the Defendants as part of the Plaintiff's bankruptcy case. Judge Kathryn Ferguson dismissed that action, Simon v. Weinstein & Riley, U.S. Bankruptcy Court District of New Jersey, Adv. Pro. 11-01223, on the basis that she believed that the Bankruptcy Court lacked subject matter jurisdiction to hear the case. Attached hereto as Exhibit A is a copy of the transcript of the hearing in which Judge Ferguson read her ruling from the bench (the "Transcript"). On pages 7-11 of the Transcript, Judge Ferguson explained in detail why she believed that the Bankruptcy Court lacked subject matter jurisdiction over the case. Later that day, she entered an order dismissing it without ever reaching the merits.

Dismissals for lack of subject matter jurisdiction are, by definition, without prejudice and not on the merits. The Court Appeals for the Tenth Circuit explained this point well recently in the case of Bereton v Bountiful City Corp., 434 F.3d 1213,1216 (10th Cir. 2006):

> [W]here the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice. See, e.g., Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1249 (10th Cir.2004); Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir.1973) ("It is fundamental ... that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore ... must be without prejudice."). See also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2373, at 406 (2d ed.1995).

A dismissal for lack of subject matter jurisdiction carries no preclusive effect (other than with respect to that court's lack of jurisdiction, of course) because a court that lacks jurisdiction

cannot make a determination on the merits. As the Tenth Circuit stated in <u>Bereton</u>, "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." <u>Id</u>. at 1217.

Rule 41(b) of the Federal Rules of Civil Procedure makes this point by negative implication: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—**except one for lack of jurisdiction**, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) [emphasis added]. As explained by the court in <u>Sutton v. Sutton</u>, 71 F.Supp. 2d 383, 389-90 (D.N.J. 1999), "a dismissal for lack of subject matter jurisdiction is not an adjudication upon the merits. Therefore, the fact that previous federal lawsuits against similar defendants on similar issues were filed by the plaintiff and dismissed by Judge Rodriguez for lack of subject matter jurisdiction does not preclude the instant lawsuit as a matter of res judicata or collateral estoppel."

Thus, since the Bankruptcy Court dismissed the Plaintiff's claims against the Defendants because the Bankruptcy Court lacked jurisdiction, such dismissal was not on the merits and carries no preclusive effect – either in the form of res judicata or collateral estoppel.

**II.     The FDCPA And The Bankruptcy Code Provide Independent Enforcement Mechanisms.**

The Defendants argue, not for the first time, that the Bankruptcy Code precludes enforcement of the FDCPA. Although a handful of courts have concluded that the discharge injunction created by section 524 of the Bankruptcy Code creates the sole remedy for the violation thereof, that reasoning has never been adopted within the Third Circuit and in fact has

3

been partially supplanted by a line of cases from the Seventh Circuit. Moreover, even if the reasoning of such cases as <u>Wan v. Discover Fin. Servs.</u>, 324 B.R. 124 (Bankr. N.D. Cal. 2006) and <u>Walls v. Wells Fargo</u>, 276 F.3d 502 (9th Cir. 2002) had been adopted within the Third Circuit, they are simply factually inapplicable to this case.

The Defendants cite <u>Wan</u> for the questionable proposition that the Bankruptcy Code precludes remedies under the FDCPA. Of course, the Bankruptcy Code does no such thing in most circumstances; there are countless reported FDCPA decisions that arose in bankruptcy cases.[1] In <u>Wan</u>, the creditor had sent a letter inquiring about the facts and circumstances of credit card charges. When the creditor brought a nondischargeability action, the debtor counterclaimed on the bases that: (a) the creditor failed to disclose the amount of the debt; (b) unlawfully required the debtor to dispute the debt; and (c) failed to verify the debt. The Complaint here does not cite similar facts and none of those issues are present here. The creditor in <u>Wan</u> most definitely did not: (a) send the debtor's counsel an unlawful subpoena that threatened a deposition in another state; or (b) misrepresent that such subpoena had been sent directly to the debtor. Thus, contrary to the Defendants' assertion in the Motion, the <u>Wan</u> decision certainly does not present "facts nearly identical to the facts of this case." In fact, the <u>Wan</u> decision is inapplicable to the facts alleged herein.

---

[1] <u>See, e.g., Randolph v. IMBS</u>, 368 F.3d 726 (7th Cir. 2004) (overruling trial court decisions holding that the Bankruptcy Code "trumps'" the FDCPA when they deal with the same subject"); <u>Martinez v. Am. Home Mort. Serving, Inc.</u>, Case No. 06-52009-LMC, Adversary No. 10-05001 (Bankr. W.D. Tex. July 22, 2010) (holding that an FDCPA claim when intertwined with factual allegations concerning orders of the Bankruptcy Court is a core proceeding); <u>In re Eastman</u>, 419 B.R. 711 (Bankr. W.D. Tex. 2009) (awarding statutory damages, attorney's fees and costs to the debtor for creditor's violation of the FDCPA); <u>In re Rogers</u>, 391 B.R. 317 (Bankr. M.D. La. 2008) (denying motion to dismiss FDCPA claims on the grounds asserted by Defendants here); <u>In re Martinez</u>, 266 B.R. 523 (2001) (awarding damages and attorney's fees to the debtor and debtor's counsel for creditor's violation of the FDCPA); <u>Littles v. Lieberman, In re Crossley</u>, 90 B.R. 669 (Bankr. E.D. Pa. 1988) (awarding damages and fees to debtor against creditor who had violated the FDCPA);and <u>In re Scrimpsher</u>, 17 B.R. 999 (Bankr. N.D.N.Y. 1982) (awarding damages to the debtor for creditor's violation of the FDCPA);

Similarly, the Defendants improperly cite Walls v. Wells Fargo, 276 F.3d 502 (9th Cir. 2002) for the proposition that the Bankruptcy Code's remedies preclude the remedies under the FDCPA. In Walls, the debtor continued to make payments on her home mortgage during and following bankruptcy. Thus, her home was able to "ride through" the bankruptcy under the applicable statutory and decision scheme in place in the Ninth Circuit at the time. When the debtor failed to make payments, the secured creditor foreclosed on the home and the debtor instituted a class action under section 524 of the Bankruptcy Code and the also the FDCPA. The district court dismissed the FDCPA count and the debtor appealed to the Ninth Circuit. The Ninth Circuit agreed with the district court that the proper remedy for attempting to collect a debt that had been discharged would be a contempt proceeding pursuant to sections 105 and 524 of the Bankruptcy Code rather than through the FDCPA:

> To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door -a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies <u>for violating the discharge injunction</u> to contempt.

Walls, 276 F.3d at 510 (emphasis added). Here, the debt in question had not been discharged. The Bankruptcy Code might provide comprehensive remedies for the collection of debts that had been discharged, but the FDCPA provides remedies for debts that existed at the time of the alleged violation of the FDCPA.

The Defendants' citations to cases similar to Walls are misplaced for the same reason. Jones v. Wolpoff & Abramson, LLP, 2006 WL 266102 (E.D. Pa. 2002) and Degrosiellier v.

5

Solomon & Solomon, PC, 2001 WL 1217181 (N.D.N.Y. 2001) both involved discharged debts and whether the FDCPA could be used against creditors who violate the discharge injunction. Bessette v. Avco Fin. Servs., 240 B.R. 147 (D.R.I. 1999) also involved discharged debt but invoked the Racketeer Influenced and Corrupt Organizations Act, not the FDCPA.[2]

Most importantly, the exact same arguments that the Defendants raise here were raised in an analogous proceeding in this Court and rejected by Judge Dennis M. Cavanaugh a few months ago. Attached hereto as Exhibit B is an opinion that Judge Cavanaugh issued in a case involving nearly identical facts, Henderson v. Weinstein & Riley, 11-cv-2607 (D.N.J. Dec. 27, 2011). Frankly, Judge Cavanaugh makes many points better than Plaintiff's counsel can:

> Section 524 of the Bankruptcy Code is not implicated in this case. The conduct complained of, Defendants' sending of the Collection Letter and the Notice of Rule 2004 Examination, occurred prior to Plaintiff's bankruptcy discharge. Thus, the reasoning of Walls and Joubert does not apply to Defendants' conduct. Further, Plaintiff's claims require this Court to consider how debt collectors interact with debtors, not whether an automatic stay violation, discharge violation, or any other violation of the Bankruptcy Code occurred. Beyond their citation to the Walls line of cases, Defendants have not pointed to any specific provisions of the Bankruptcy Code that would otherwise preclude Plaintiff's FDCPA claim. Defendants' argument of preclusion is therefore not persuasive.

Id. at 6. Given that this exact argument has been raised and rejected by this Court in almost exactly the same context, there is no reason to give the argument further credence.

---

[2] It is worth noting that even the line of cases that the Defendants cite with respect to post-discharge violations has been partially supplanted by the line of cases following the Seventh Circuit's reasoning in Randolph, supra. As the Bankruptcy Court in Rogers, supra explained, "Most of the opinions concluding that the Bankruptcy Code precludes an action under the FDCPA pre-date Randolph. The others are either factually distinguishable or based on limited reasoning.[footnote omitted] The thoughtful analysis of Randolph, on the other hand, is persuasive, and supports the conclusion that debtors may urge a FDCPA claim for alleged actions of [the creditor] in connection with their bankruptcy case. Based on the allegations of the debtors' complaint, it is not possible to conclude on a motion to dismiss that the debtors cannot prove facts entitling them to relief under the FDCPA.[footnote omitted]." Rogers, 391 B.R. at 325.

**III.     Conclusion.**

       Wherefore, the Plaintiff requests that the Court deny the Motion in its entirety.

Dated this the 5th day of March, 2012.

/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff