NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ROBERT MAXWELL SIMON, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 12-0518 (JAP) |
| v. | : | |
| | : | |
| FIA CARD SERVICES, N.A., et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court on Defendants FIA Card Services, N.A. ("FIA") and Weinstein & Riley, P.S.'s (collectively, "Defendants") motion to dismiss Plaintiffs Robert Maxwell Simon and Stacey Helene Simon's (collectively, "Plaintiffs") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiffs oppose the motion.  For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

**I.   BACKGROUND**[1]

On December 30, 2010, Plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.  Approximately one year later, Defendant Weinstein & Riley submitted two letters to Plaintiffs' counsel advising him that its client, FIA, was contemplating a nondischargeability proceeding against Plaintiffs.  The letters included the underlying bankruptcy number and an offer to settle the matter.  The letters also referred to and attached Notices of Examination in accordance with Rule 2004 of the Federal Rules of Bankruptcy Procedure.  In the attached Notices, a certification was included attesting

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint.  *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).  Accordingly, the facts recited herein are taken from Plaintiff's Complaint unless otherwise indicated; they do not represent this Court's factual findings.

that the Notices had been mailed to the addresses listed above, which included both Plaintiffs' home address and Plaintiffs' counsel's address.

On January 27, 2012, Plaintiffs filed a Complaint with this Court. Therein, they allege that Defendants' conduct violated § 1692e, e(5), e(11), and e(13) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Specifically, they allege, *inter alia*, that Weinstein & Riley sent the letters and Notices to Plaintiffs' counsel but not to Plaintiffs personally, that the firm has a pattern and practice of failing to transmit copies of such documents directly to the appropriate parties and of disregarding the FDCPA, and that the Notices were defective because they violated various provisions of Rule 45 of the Federal Rules of Civil Procedure. Prior to filing the instant Complaint, Plaintiffs had filed a nearly identical action against Defendants in the United States Bankruptcy Court for the District of New Jersey. On April 26, 2011, that complaint was dismissed by the Bankruptcy Court for lack of subject matter jurisdiction. Defendants now move for dismissal of the Complaint in this matter.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the

2

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50)).

**III.   DISCUSSION**

In support of their motion to dismiss, Defendants argue that Plaintiffs' claims under the FDCPA are precluded by the Bankruptcy Code. They claim that, because the alleged conduct that forms the basis of Plaintiffs' Complaint occurred during the pendency of a bankruptcy proceeding, Plaintiffs' only remedies are found under the Bankruptcy Code.

In *Kokoszka v. Belford,* 417 U.S. 642, 651 (1974), the Supreme Court stated that "the Consumer Credit Protection Act [of which the FDCPA is a part] sought to prevent consumers

from entering bankruptcy in the first place. However, if, despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act [the predecessor to the Bankruptcy Code]." Although the Third Circuit has not definitively ruled on the extent to which the Bankruptcy Code precludes claims under the FDCPA, it has adopted the reasoning of *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002) and similar cases. *See In re Joubert*, 411 F.3d 452, 456 (3d Cir. 2005)(noting that, with regard to *Walls* and other similar cases, "[w]e agree with the reasoning of these cases"); *Townsend v. M&T Mortgage Corp.*, 2010 WL 2573825, at *5 (M.D. Pa. June 23, 2010)(While "[t]he Third Circuit has not addressed the issue of whether claims under the FDCPA are precluded under the Bankruptcy Code," it has relied on the reasoning in *Walls*); *Jones v. Wolpoff & Abramson, LLP*, 2006 WL 266102, at *3 (E.D. Pa. Jan. 31, 2006)("[t]he Third Circuit has . . . explicitly approved of the reasoning of *Walls*, and extended that reasoning to an attempt to bring a private action based on a violation of 11 U.S.C. § 506(b)").

In *Walls*, the Ninth Circuit concluded that a debtor's FDCPA claim based upon a creditor's alleged violation of 11 U.S.C. § 524 was precluded by the Bankruptcy Code. *Walls*, 276 F.3d at 510-11. It stated:

> "[n]othing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."

*Id.* at 510 (internal citation omitted). *See also Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95-96 (2d Cir. 2010)(holding that "[t]he FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors. There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the

4

remedies afforded by bankruptcy itself"). Accordingly, courts applying the reasoning of *Walls* and similar cases have concluded that the Bankruptcy Code precludes claims brought under the FDCPA. *See, e.g.*, *Townsend*, 2010 WL 2573825, at *5 (because the Third Circuit has relied on the reasoning in *Walls*, plaintiffs' claims under the FDCPA are precluded); *Jones*, 2006 WL 266102, at *3 (same); *In re Peed*, 2012 WL 1999485, at *3-4 (S.D. Ala. June 4, 2012)(relying on *Simmons* in holding that "[i]t is this Court's opinion that attorneys or law firms are not subject to liability under the FDCPA for taking actions to protect their clients' rights in Bankruptcy Court pursuant to any procedure outlined in the Code and Rules"); *Henry v. Saxon Mortg., Inc.*, 2011 WL 5331679, at *2 -3 (D. Ariz. Nov. 7, 2011)(granting motion to dismiss because plaintiffs' claims under § 1692e, e(2)(A), e(8), e(10), and g of the FDCPA were precluded by the Bankruptcy Code); *Gusman v. Modern Adjustment Bureau*, 2011 WL 2580358, at *2 (C.D. Cal. June 29, 2011)(applying *Walls* and holding that, in addition to § 1692f of the FDCPA, claims under § 1692e(5) and e(8) were also precluded by the Bankruptcy Code).

Here, the Court reaches the same conclusion and finds that Plaintiffs' FDCPA claims are precluded by the Bankruptcy Code. In reaching this conclusion, the Court rejects Plaintiffs' attempt to distinguish *Walls* on the basis that the debt at issue in that case had been discharged. Indeed, in *In re Chaussee*, 399 B.R. 225 (9th Cir. B.A.P. 2008), the Bankruptcy Appellate Panel of the Ninth Circuit rejected a similar attempt to distinguish *Walls* and limit its reasoning. Specifically, it stated that the bankruptcy court's attempt to differentiate *Walls* on the basis that the debtor "was not trying to bypass remedies under the Code . . . [the creditor's] offensive action occurred during the pendency of Debtor's bankruptcy case [unlike in *Walls* where the debtor's bankruptcy case was completed before the relevant acts were taken by the creditor]; and . . . the simultaneous assertion of Debtor's rights under the FDCPA and the Code would not

5

interfere with any pending bankruptcy proceedings," was unconvincing, and concluded that "the Code represents a 'whole system' designed to comprehensively define all rights and remedies of debtors and creditors." *Id.* at 236.[2] In a recent decision, the Third Circuit reached the same conclusion, citing *In re Chaussee* for support. *See Rhodes v. Diamond*, 433 F. App'x 78, 80 (3d Cir. 2011)(holding that "the District Court correctly found that Appellants' claims arising from PHS's conduct in bankruptcy proceedings— *i.e.,* its filing of, and subsequent failure to amend, allegedly inflated proofs of claim—cannot give rise to FDCPA or state law causes of action").

Furthermore, the reasoning set forth in *Wan v. Discover Fin. Servs., Inc.*, 324 B.R. 124 (N.D. Cal. 2005), a closely analogous case cited to in *In re Chaussee*, provides persuasive support for the Court's conclusion that Plaintiffs' FDCPA claims are precluded by the Bankruptcy Code. In *Wan*, the debtor asserted that a letter sent to his attorney by counsel for a creditor violated the FDCPA. *Id.* at 127. As in the instant case, the letter was sent during the pendency of a bankruptcy proceeding, included the underlying bankruptcy number, and advised the debtor's attorney that the creditor was considering commencing an adversary proceeding pursuant to 11 U.S.C. § 523(a) and that an examination had been arranged pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. *Id.* at 127. Concluding that the debtor's FDCPA claims were precluded by the Bankruptcy Code, the Court in *Wan* reasoned that the concerns expressed in *Walls* were even more germane on the present facts because the correspondence at issue was made to the debtor's counsel "during the pendency of the bankruptcy rather than after the discharge injunction had been issued." *Id.* at 127 (emphasizing references to bankruptcy number and suggested remedies under the Bankruptcy Code in correspondence and concluding

---

[2] The Court notes that Defendants assert that the Bankruptcy Court had authority under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9011 to address the alleged misconduct by Defendants. *See, e.g.*, *In re Chaussee*, 399 B.R. at 240-41 (noting that bankruptcy courts possess authority pursuant to § 105(a) "to impose sanctions for a pattern of bad faith conduct that transcends conduct addressed by particular rules or statutes").

that "[t]o the extent that such a correspondence might constitute abusive activity by a creditor, a debtor's remedies are found under the Bankruptcy Code"); *see In re Chaussee*, 399 B.R. at 236-37 (citing *Wan* as standing for the proposition that a "communication alleged to be in violation of the FDCPA made to the debtor's counsel during the pendency of the bankruptcy case raised an even greater concern about potential overlap and conflict between the Code and the FDCPA than was present in *Walls*"); *see also Simmons*, 622 F.3d at 95-96 ("[i]t is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA"). Accordingly, because those concerns are similarly evident in the instant case, and based upon the weight of authority in the Third Circuit and across the country,[3] the Court finds that Plaintiffs' FDCPA claims are precluded by the Bankruptcy Code. *See, e.g.*, *Joubert*, 411 F.3d at 456; *Rhodes*, 433 F. App'x at 80; *Walls,* 276 F.3d at 510-11; *Chaussee*, 399 B.R. at 236-37; *Simmons*, 622 F.3d at 95-96.

The Court further notes that, even if Plaintiffs' claims were not precluded by the Bankruptcy Code, their Complaint does not appear to set forth sufficient factual allegations to state a claim that Defendants violated the FDCPA. In *Villegas v. Weinstein & Riley, P.S.*, 723 F. Supp. 2d 755 (M.D. Pa. 2010), the District Court for the Middle District of Pennsylvania addressed whether nearly identical letters sent by Weinstein & Riley in the context of a bankruptcy proceeding gave rise to an actionable FDCPA claim. In concluding that they did not and granting Weinstein & Riley's motion to dismiss, the Court stated:

> The letters in question concerned possible settlement of claims pursuant to

---

[3] The Court acknowledges that other courts have reached different conclusions with regard to the preclusive effect of the Bankruptcy Code, including the Seventh Circuit in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). The Third Circuit has not, however, adopted the reasoning of those cases and, as discussed above, has cited with approval *Walls* and related cases. Furthermore, as Defendants argue in their brief, *Randolph* and the other cases Plaintiffs rely on in their opposition are factually distinguishable—particularly as compared to the cases cited above. To the extent that Plaintiffs' seek to rely on the recent decision in *Henderson v. Weinstein & Riley*, 2011 WL 6826117 (D.N.J. Dec. 27, 2011), the Court declines to adopt the reasoning therein and reaches a different conclusion for the reasons set forth in this Opinion.

> 11 U.S.C. § 523(a)(2), and arose in a pending bankruptcy proceeding. As Defendant argues, the letters in question simply advised the attorney for the debtor that the Defendant debt collection agency believed that the debt might be non-dischargeable and it would like to settle the matter if the attorney for the debtor did not believe that there was a defense to the claim under 11 U.S.C. § 523(a)(2).

*Id.* at 759-61. Plaintiffs' allegations in the instant case—all of which are based on conduct that took place in the context of a pending bankruptcy proceeding and involved procedures set forth in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure—are likewise deficient. *See Iqbal*, 129 S. Ct. at 1949 (a complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not do). Moreover, several of Plaintiffs' allegations are contradicted by the documents upon which they base their claims.[4] For example, although Plaintiffs claim that the attached Notices "compel" them to appear in New York for an examination, the Notices expressly provide that the examination could take place "upon written request, at an alternate location to be agreed upon by the parties," and the accompanying letters state that Weinstein & Riley "would gladly discuss with [Plaintiffs] whether the matter can be resolved without conducting the examination and/or to reschedule it for an informal telephone conference a mutually agreeable time." Compl. Exs. A, B. Similarly, although Plaintiffs claim that the Notices fail to disclose the recording method of the examination, the Notices clearly state that Weinstein & Riley was seeking to examine Plaintiffs "before a certified court reporter or any other Notary Public or officer authorized by law to take depositions." *Id.* Accordingly, Plaintiffs' Complaint is subject to dismissal.

---

[4] The Court notes that it can properly consider these documents in addressing Defendants' motion to dismiss. *See Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010) (in addressing a motion to dismiss, a court can consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents").

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: July 16, 2012