<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT MAXWELL SIMON, et al., | : | |
| Plaintiffs, | : | Civil Action No. 12-518  (MAS) (LHG) |
| v. | : | |
| FIA CARD SERVICES N.A., et al., | : | **OPINION** |
| Defendants. | : | |

<u>**SHIPP, District Judge**</u>

Plaintiffs Robert Maxwell Simon and Stacey Helene Simon ("Plaintiffs") bring this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691 *et seq.*, against Defendants FIA Card Services, N.A. ("FIA") and Weinstein & Riley, P.S. ("Weinstein") (collectively, "Defendants").  Presently before the Court are Defendants' motions for summary judgment (ECF Nos. 26, 27) and Plaintiffs' cross-motion for summary judgment against Weinstein (ECF No. 29).  For the reasons stated below, Defendants' motions for summary judgment are granted and Plaintiff's cross-motion is denied.

**I.   <u>Background</u>**

The relevant facts in this case are fairly straightforward and undisputed. Plaintiffs filed a Chapter 7 bankruptcy petition on December 30, 2010, in the United States Bankruptcy Court for the District of New Jersey.  *In re Simon*, No. 10-50052 (Bankr. D.N.J.).  The schedules submitted with the petition identified "Bank of America"[1] (herein referred to as "FIA") as holding unsecured,

---

[1] "FIA Card Services, N.A. (FIA), Wilmington, Delaware, is a wholly-owned subsidiary of Bank of America Corporation (BAC) headquartered in Charlotte, North Carolina and was created from

nonpriority claims relating to two credit card accounts. FIA retained Weinstein, a law firm, to represent it in the bankruptcy proceeding.

On January 28, 2011, Weinstein sent two letters (one for each debtor) to Plaintiffs' bankruptcy counsel advising that Weinstein had been retained to represent FIA in the bankruptcy proceeding and that FIA was considering filing an adversary proceeding objecting to the discharge of the debt. (*See* Compl. Exs. A, B, ECF Nos. 1-1, 1-2.) The letters further offered options for Plaintiffs to settle the matter and avoid the adversary proceeding. The letters stated that Plaintiffs could avoid the adversary proceeding by agreeing to the nondischargeability of the debt or by agreeing to pay a reduced-amount cash settlement. (*Id.*)

Attached to each of the letters was a document entitled "Notice of Examination in Accordance with F.R.B.P. 2004 and Local Rule 2004-1" (together, the "Subpoenas," individually, "Subpoena").[2] (*Id.*) The Subpoenas stated that Weinstein would take the examination of Plaintiffs on February 28, 2011, at Weinstein's offices in New York or at an alternate location agreed to by the parties. (*Id.*) At the top of each Subpoena was the name and home address of the Plaintiff to whom it related and the name and address of Plaintiffs' bankruptcy counsel. (*Id.*) At the end of each Subpoena, an attorney from Weinstein certified that a copy of the Subpoena had been mailed "to the above addresses." (*Id.*) The parties do not dispute, however, that the letters and subpoenas were sent only to Plaintiffs' counsel and not to Plaintiffs themselves.

---

a 2006 merger between Bank of America N.A. USA (BANA USA) and MBNA America N.A. (MBNA)." (Cert. of Dawn Vaughn ("Vaughn Cert.") ¶ 11, ECF No. 26-1.)

[2] The parties acknowledge that the notices were subject to the requirements for a subpoena under Federal Rule of Civil Procedure 45 through Federal Rule of Bankruptcy Procedure 9016, which states that Rule 45 "applies in cases under the [Bankruptcy] Code." (*See* Op. 5-6, ECF No. 12-1).

On February 18, 2011, Plaintiffs moved in the bankruptcy proceeding to quash the Subpoenas. Their motions cited a number of deficiencies with respect to the Subpoenas, including the failure to serve Plaintiffs in the manner required by Federal Rule of Civil Procedure 45(b)(1) and the failure to include in the Subpoenas the text of Rule 45(c) and (d) as required by Rule 45(a)(1)(A)(iv). (Pls.' Mots. To Quash, *In re Simon*, No. 10-50052 (Bankr. D.N.J. Feb. 18, 2011), ECF Nos. 6, 7.) The bankruptcy court granted the motions and quashed the Subpoenas. (Orders, *In re Simon*, No. 10-50052, ECF Nos. 10, 11.)

On January 27, 2012, Plaintiffs filed their complaint in the instant matter alleging that Defendants' false representation that the Subpoenas were sent to Plaintiffs' home address and failure to heed the requirements of Rule 45 amounted to "false, deceptive or misleading" debt collection practices in violation of the FDCPA, specifically, 15 U.S.C. § 1692e, 1692e(5), 1692e(11), and 1692e(13).[3] Defendants responded by filing motions to dismiss, which were granted. (*See* ECF Nos. 7, 8.) Plaintiffs appealed, and the Court of Appeals for the Third Circuit affirmed in part, reversed in part, and remanded. (ECF No. 12.) The Third Circuit reversed the dismissal of Plaintiffs' § 1692e(5) and (13) claims, finding that Plaintiffs' claims that Weinstein violated the FDCPA by failing to send the Subpoenas to their home address and by failing to include the text of Rule 45 in the subpoena were not, as the District Court had found, precluded

---

[3] Plaintiffs asserted claims under 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(5) states it is a violation of the FDCPA to make a "threat to take any action that cannot legally be taken or that is not intended to be taken." Under § 1692e(11), it is a violation to fail "to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and . . . to disclose in subsequent communications that the communication is from a debt collector." Section 1692(e)(13) states that it is a violation to make a "false representation or implication that documents are legal process." 15 U.S.C. § 1692e(5), (11), (13).

by the Bankruptcy Code. (ECF No. 45.) The case was remanded for further proceedings, and the following issues presently remain: (1) whether Defendants engaged in false, misleading, or deceptive debt collection in violation of the FDCPA by failing to serve the Subpoenas directly on Plaintiffs as stated in the Subpoena and as required by Rule 45 through Bankruptcy Rule 9016; (2) whether Defendants engaged in false, misleading or deceptive debt collection in violation of the FDCPA by failing to include the text of Rule 45(c) and (d) in the Subpoenas; and (3) whether FIA is a "debt collector" under the FDCPA. (*See* Op. 15, 21, ECF No. 12-1 (noting that whether FIA was a debt collector could be addressed on remand and noting that all debt collector actions in violation of law do not constitute a per se violation of the FDCPA and that the District Court had not reached the question of whether failure to comply with subpoena rules is sufficient to state a claim under the FDCPA).) The parties now move for summary judgment on these issues.

## II.   Analysis

### A.   Legal Standard

Federal Rule of Civil Procedure 56(a) provides that "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Williams v. Borough of W. Chester*, 891 F.2d 458, 459-60 (3d Cir. 1989).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (internal quotation marks omitted). If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B.   Whether FIA is a Debt Collector

By its terms, § 1692e applies only to debt collectors. *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). The FDCPA broadly defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). A creditor, on the other hand, is defined as one who "offers or extends to offer credit creating a debt or to whom a debt is owed." § 1692a(4). Importantly, the Third Circuit has recognized that

5

"[c]reditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).

FIA has moved for summary judgment on the grounds that FIA is not a debt collector and, therefore, cannot be liable under § 1692e. In their response to FIA's motion, Plaintiffs have pointed to no evidence that would support a finding that FIA is debt collector. Indeed, Plaintiffs do not even allege facts in their complaint sufficient to support a finding that FIA is a debt collector, and they have in their opposition brief essentially admitted that FIA is not a debt collector. (Pls.' Opp'n Br. 1, ECF No. 30 (stating that Plaintiffs were originally "under the impression" that FIA had purchased its interest in the debt but have since learned FIA acquired its interest through merger).) Furthermore, the undisputed evidence demonstrates that FIA was a creditor under the circumstances of this case. (*See, e.g.*, Compl., Exs. A, B, ECF Nos. 1-1, 1-2 (letters attached to complaint indicating FIA is the party to whom the debt is owed); Vaughn Cert., ECF No. 26-2 (certification setting forth facts showing that FIA is party to whom the debt is owed).) Consequently, FIA's motion for summary judgment is granted.[4]

---

[4] In their response to FIA's motion, Plaintiffs discuss the establishment of the Consumer Financial Protection Bureau ("CFPB") and certain enforcement actions taken by the CFPB and assert, without citation to statute or case law, that "large financial institutions are now responsible for the actions undertaken on their behalf by outside collections counsel." (Pl.'s Opp'n Br. 3). Plaintiffs conclude their brief by "request[ing] an opportunity to prepare an amended version of the Complaint to address Defendant FIA's lack of appropriate supervision over Defendant Weinstein & Riley." (*Id.*) Plaintiffs request is problematic for a number of reasons, not the least of which is that Plaintiffs have failed to heed the requirement of Local Civil Rule 7.1(f), which provides that a party seeking to amend a pleading must submit a copy of the proposed amended pleading. "Without a proposed pleading the parties and the Court cannot evaluate whether the pleading would be futile or suffer any other deficiency." *McCluney v. City of Newark*, No. 13-1894, 2013 WL 2474878, at *1 (D.N.J. June 7, 2013). As such, this deficiency is, in itself, sufficient grounds to deny the request. *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (failure to provide proposed amended complaint sufficient grounds to deny leave to amend). Accordingly, Plaintiffs' request to amend the complaint is denied.

6

### C. Whether the Correspondence Violated the FDCPA

#### 1. *Incorrect Certification on Subpoena*

Plaintiffs first contend that the subpoenas violated § 1692e's prohibition on "false, deceptive or misleading representations" because copies were not mailed to Plaintiffs' home address despite a representation that they were. 15 U.S.C. § 1692e. It is undisputed that, contrary to the certification signed by a Weinstein attorney stating that the Subpoena was mailed to the "addresses" appearing at the top of the Subpoena, the Subpoenas were sent to only a single address, i.e., Plaintiffs' bankruptcy counsel.

Congress expressly stated that its purpose in enacting the FDCPA was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The legislative history of the FDCPA notes that such "abuse" took "many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Cohen v. Wolpoff & Abramson, LLP*, No. 08-1084, 2008 WL 4513569, at *8 (D.N.J. Oct. 2, 2008) (quoting Sen. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).

Given the statute's purpose and the kinds of activities the FDCPA was intended to curtail, several circuit courts have read a materiality requirement into the FDCPA's prohibition on "false, deceptive, or misleading" collection practices. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (holding that "a statement must be materially false or misleading to violate

Section 1692e"); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (finding that "violations [of § 1692e] grounded in 'false representations' must rest on material misrepresentations"); *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (noting that "not every technically false representation by a debt collector amounts to a violation of the FDCPA"); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010) (stating that "false but nonmaterial misrepresentations . . . are not actionable under § 1692e" because they "are not likely to mislead the least sophisticated consumer"); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) (finding that "a false but non-material statement is not actionable" because it is "not likely to mislead the least sophisticated consumer").

Furthermore, district courts within this circuit have adopted the materiality requirement. *See, e.g., Burton v. Nationstar Mortg. LLC*, No. 14-5059, 2015 WL 1636956 (E.D. Pa. April 13, 2015); *Jensen v. Pressler & Pressler, LLP*, No. 13-1712, 2014 WL 1745042 (D.N.J. Apr. 29, 2014); *Souders v. Bank of Am.*, No. 12-1074, 2013 WL 5937324 (M.D. Pa. Nov. 4, 2013); *Rogozinski v. NCO Fin. Sys., Inc.*, No. 11-2594, 2012 WL 5287896 (E.D. Pa. Oct. 25, 2012). Recently, the *Burton* court, while acknowledging that the Third Circuit has not yet addressed the growing body of authority recognizing a materiality component in FDCPA claims, found that "the reasoning of [other circuit courts was] persuasive" and adopted the materiality standard. 2015 WL 1636956, at *4-6 (holding the false statements in a motion for summary judgment regarding whether the original mortgagee or an assignee sent the notice of intent to foreclose was not materially false). In *Jensen*, a similar case to the present one, the Honorable Susan D. Wigenton, U.S.D.J., applied the materiality requirement and held that the issuance of an information subpoena that named a county clerk instead of a clerk of the court did not change the substance of the subpoena or alter the plaintiff's course of action. 2014 WL 1745042, at *5-6 ("The Court is

8

persuaded [with] the reasoning that a 'statement cannot mislead unless it is material, so a false but non-material statement is not actionalable." (internal quotation marks omitted.)); *see also Rogozinski*, 2014 WL 5287896, at *6 ("An immaterial statement which is false in some technical sense will not mislead the unsophisticated consumer and does not violate the FDCPA.").

While the Third Circuit has not yet spoken on the issue, the reasoning of the above-cited cases is persuasive in this case. The FDCPA is designed to protect consumers from "abusive" debt collection practices; its purpose is not necessarily to guarantee error-free communications from debt collectors. When a consumer receives a communication from a debt collector, the consumer must decide how to respond to the debt collection efforts. The FDCPA "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Hahn*, 557 F.3d at 757-58. The materiality inquiry thus examines whether the information at issue would be important to the least sophisticated consumer[5] in deciding how to respond to the efforts to collect the debt. *See Powell v. Palisades Acquisition XVI, LLC*, No. 14-1171, 2014 WL 7191354, at *7 (4th Cir. Dec. 8, 2014) ("[O]nly misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking are actionable.")

---

[5] FDCPA analysis is generally done from the perspective of the "least sophisticated consumer" or the "least sophisticated debtor," *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (noting that these terms are interchangeable), although some courts have applied a "competent attorney" standard where communications are sent to counsel as discussed *infra*, *see Fratz v. Goldman & Warshaw, P.C.*, No. 11-2577, 2012 WL 4931469 (E.D. Pa. Oct. 16, 2012); *Villegas v. Weinstein & Riley, P.S.*, 723 F. Supp. 2d 755, 760-61 (M.D. Pa. 2010). Because the Court finds that this particular claim fails under application of either standard, it is not necessary to determine whether the "competent attorney" standard applies to this claim.

Applying this standard here, the Court finds the false statement that the Subpoenas were mailed to Plaintiffs' home address to be immaterial. The misstatement had no connection to the nature or legal status of the debt, it was of no consequence to the bankruptcy proceeding, and it would not in any way have affected the decisionmaking of the least sophisticated debtor with respect to their response to the debt collector's action.

Additionally, it has been noted that materiality is a "corollary to the well-established proposition that '[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA]—even if it is false in some technical sense.'" *Donohue*, 592 F.3d at 1033 (quoting *Hahn*, 557 F.3d at 758). Here, the Court finds that even the most unsophisticated debtor would not be deceived by the misrepresentation that the subpoena was sent to their home address, because they would have known whether or not they received a copy of the subpoena. *See Kromelbein v. Envision Payment Solutions, Inc.*, No. 11-1598, 2013 WL 3947109, at *26 (M.D. Pa. Aug. 1, 2013) ("Even the least sophisticated consumer would not be misled by a statement that he knows to be false."); *see also Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (The least sophisticated consumer "is neither irrational nor a dolt."). Indeed, Plaintiffs here are clear that they themselves were not misled by the misrepresentation because they "would have noticed if they received copies of the Subpoenas from the Weinstein Firm." (Compl. ¶ 15.)

In sum, the false statement complained of does not constitute the sort of deceptive practice contemplated by the FDCPA. Consequently, Weinstein is entitled to judgment as a matter of law on Plaintiffs' claim that the incorrect statements that the subpoenas were sent to Plaintiffs' home address violated the FDCPA.

## 2.    *Violations of Federal Rule of Civil Procedure 45*

Federal Rule of Civil Procedure 45, as incorporated by Bankruptcy Rule 9016, requires a subpoena be delivered directly to the named witness and that a subpoena contain the text of Rule 45(c) and 45(d). Fed. R. Civ. P. 45. As noted, there is no dispute that the Subpoenas in the instant matter were delivered to Plaintiffs' counsel rather than personally served on Plaintiffs and did not contain the requisite language from Rule 45. Because the Subpoenas were defective and therefore not enforceable, Plaintiffs contend that Weinstein violated the FDCPA's prohibition on using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," specifically, by "threat[ening] to take any action that cannot legally be taken," and making a "false representation or implication that documents are legal process." 15 U.S.C. § 1692e(5), (13).

In its decision in this case, the Third Circuit noted that Plaintiffs' claims here require two inquiries. "The first inquiry is whether the subpoenas failed to comply with the rules, as alleged." (Op. 21, ECF 12-1.) "The second is whether the alleged failures to comply also violated § 1692e(5) or (13) of the FDCPA." (*Id.*) As to this second inquiry, the Third Circuit cited the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, which states that "not . . . all debt collector actions in violation of state law constitute *per se* violations of the FDCPA. Rather, the conduct or communication at issue must also violate the relevant provision of the FDCPA." 601 F.3d 1185, 1192 (11th Cir. 2010).

There is no dispute as to the first inquiry; the parties agree that the Subpoenas failed to comply with certain requirements of Rule 45. This leaves only the second inquiry: whether, as a result of this failure to comply with Rule 45, the subpoenas were "false, deceptive, or misleading" by "threat[ening] to take any action that cannot legally be taken," and making a "false

representation or implication that documents are legal process." 15 U.S.C. § 1692e(5), (13). As noted earlier, the standard generally applied in making a determination under § 1692e is the "least sophisticated debtor" test. However, where a communication has been sent to counsel rather than directly to the debtor, courts have applied a "competent attorney" test to determine whether the communication was false, deceptive or misleading. *See, e.g.*, *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007); *Powers v. Credit Mgm't Services, Inc.*, 776 F.3d 567, 574 (8th Cir. 2015); *Fratz v. Goldman & Warshaw, P.C.*, No. 11-2577, 2012 WL 4931469 (E.D. Pa. Oct. 16, 2012); *Villegas v. Weinstein & Riley, P.S.*, 723 F. Supp. 2d 755, 760-61 (M.D. Pa. 2010).

The Third Circuit has not articulated a competent attorney standard for FDCPA cases. However, the Third Circuit recognized that the standard has been applied by other courts and found the competent attorney standard to be inapplicable to certain issues in the instant case where "[t]he sophistication of the party receiving the communication is irrelevant" to the analysis. (*See* Op. 21, ECF No. 12-1.) Specifically, the Third Circuit rejected the competent attorney standard in analyzing Plaintiff's § 1692e(11) claim because the only inquiry was whether the statute's "mini-*Miranda*" disclosure was required, and if so, whether it was provided. The Third Circuit also rejected the competent attorney standard for the threshold inquiry of Plaintiffs' Rule 45 claims because that inquiry examined only if Rule 45 was violated. In neither case was the sophistication of the party receiving the communication at issue, and consequently, the Third Circuit found the "competent attorney" standard to be inapplicable. (*Id.* at 19-21.) Nevertheless, the Third Circuit's decision in the instant case leaves open the door for application of the competent attorney standard if the sophistication of the party receiving the communication is relevant to the inquiry. (*See id.* at 21 (finding the competent attorney standard not relevant to the first of the two inquiries because

12

"[t]he sophistication of the party receiving [Weinstein's] communications is irrelevant to determining the subpoena's compliance with Civil Rule 45 and Bankruptcy Rule 9016, which is the *only* inquiry before us on appeal") (emphasis added).)

The Court finds that the competent attorney standard should apply in evaluating Plaintiffs' FDCPA claims with respect to the Subpoenas. As an initial matter, the communications at issue here were sent only to Plaintiffs' bankruptcy counsel and not to the debtors themselves. Furthermore, in analyzing whether the subpoenas were false, deceptive, or misleading in violation of § 1692e(5) and (13), the sophistication of the party who received the communication is certainly relevant. This Court agrees with the reasoning in the above-cited cases that the least sophisticated debtor standard is "inappropriate for judging communications with lawyers." *Evory*, 505 F.3d at 774. The Third Circuit adopted the "least sophisticated debtor" standard "in order to effectuate the basic purpose of the FDCPA: to protect all consumers . . . [including] the gullible." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks and alterations omitted). However, as other courts have recognized, where an attorney is interposed between the debt collector and the debtor, the represented consumer gains a substantial degree of protection from the types of abuses the FDCPA is designed to prevent, making the "least sophisticated debtor" standard inappropriate and unnecessary. *See, e.g., Gabriele*, 503 F. App'x at 95.

Applying the competent attorney standard to the case at hand, the Court finds that the failure of the Subpoenas to fully conform to the requirements of Rule 45 does not constitute a violation of § 1692e or of subsections (5) or (13). A competent attorney would not have been misled or deceived by the Subpoenas, as he or she would recognize immediately, as Plaintiffs' counsel did, the defects in the subpoenas and would advise his or her clients accordingly. The Subpoenas would not have deceived the competent attorney into believing his or her client had

legal obligations that the client did not actually have.  Nor would the competent attorney construe the Subpoenas as "threat" to take an action that cannot legally be taken, *see* § 1692e(5), or as a document masquerading as "legal process," *see* § 1692e(13).  Indeed, there is no allegation that Defendants were not legally entitled to seek a Rule 2004 examination, only that the subpoena used in the attempt to effectuate the examination fell short of certain procedural requirements.

The Court finds, therefore, that Weinstein is entitled to summary judgment on Plaintiffs' remaining claims.

**III.**     **Conclusion**

For the reasons above, the Court grants Defendants' motions for summary judgment and denies Plaintiffs' cross-motion for summary judgment.  An appropriate order accompanies this Opinion.

**MICHAEL A. SHIPP**
**United States District Judge**

Dated:  April 30th, 2015