**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2318
_____

ROBERT MAXWELL SIMON;
STACEY HELENE SIMON,

       Appellants

v.

FIA CARD SERVICES NA;
WEINSTEIN & RILEY, P.S.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.N.J. No. 3-12-cv-00518)
District Judge: Honorable Michael A. Shipp
_____

Argued: January 20, 2016
_____

Before: FISHER, CHAGARES and BARRY, Circuit Judges

(Filed: February 17, 2016)
_____

Andy Winchell, Esq. (Argued)
45 River Road
Suite 3, Lower Level
Summit, NJ 07901
  *Counsel for Appellants*

Susan P. Johnston, Esq. (Argued)
Weinstein & Riley
1879 Palmer Avenue
Larchmont, NY 10538
  *Counsel for Appellee Weinstein & Riley*

Kellie A. Lavery, Esq.
Reed Smith
136 Main Street
Suite 250, Princeton Forrestal Village
Princeton, NJ 08540
    *Counsel for Appellee FIA Card Services NA*

_____

OPINION[*]

_____

BARRY, <u>Circuit Judge</u>

    Robert and Stacey Simon appeal the District Court's order granting summary judgment in favor of FIA Card Services N.A. ("FIA") and Weinstein & Riley, P.S. ("Weinstein"), on their claims under the Fair Debt Collection Practices Act ("FDCPA"). The Simons claimed that certain communications sent by Weinstein, a law firm representing their creditor, FIA, were false, deceptive, and misleading in violation of the FDCPA. The Court rejected their claims, in part, because the communications were sent only to their attorney and would not have been misleading to a "competent attorney." Because we conclude that the communications at issue would not have been false, deceptive, or misleading even to the hypothetical "least sophisticated debtor"—the standard the Simons contend that the Court should have applied—we will affirm the order granting summary judgment.

I.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Simons had filed for Chapter 7 bankruptcy when, on January 28, 2011, Weinstein sent two communications to their bankrupcy attorney.[1] Each communication consisted of a letter and an attached "Notice of Examination" referencing a Rule 2004 examination.[2] The letter stated that FIA was considering filing an adversary proceeding to challenge the dischargeability of the debt, and made an offer of settlement. The notice stated that a Rule 2004 examination had been scheduled to permit FIA to gather information for that filing. Although the notices indicated that they had been mailed to both the attorney and the Simons personally, it is undisputed that they were mailed only to the attorney.

It is likewise undisputed that the notices were subject to the procedural rules for subpoenas set forth in Federal Rule of Civil Procedure 45, and that they failed to comply with the requirements of the Rule because they were not served on the Simons personally and failed to include certain text from Rule 45, now codified at subsections (d) and (e). See Fed. R. Civ. P. 45(a)(1)(A)(iv). The Simons moved to quash the "subpoenas,"[3] and the Bankruptcy Court granted their motion.

---

[1] The communications were identical, except that one was in Mr. Simon's name, and the other was in Mrs. Simon's name.

[2] Federal Rule of Bankruptcy Procedure 2004 provides that a party in interest may conduct an examination of the financial condition of a debtor and the debtor's right to a discharge, among other things. The procedure for compelling the attendance of an entity for examination and for compelling the production of documents is governed by Federal Rule of Bankruptcy Procedure 9016, which in turn incorporates the requirements of Federal Rule of Civil Procedure 45 for subpoenas.

[3] Because the notices were subject to the procedural rules for subpoenas, the District Court and the parties referred to the notices as subpoenas. We do the same.

3

In January 2012, the Simons brought an FDCPA action against FIA and Weinstein raising several claims under 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of debts. The Simons contended that the communications violated the FDCPA in several ways, one of which was that they failed to comply with Rule 45. The District Court granted the defendants' motion to dismiss, concluding that the FDCPA claims were precluded by the Bankruptcy Code and that the allegations were insufficient to state a claim under the FDCPA. On appeal, we affirmed in part and vacated in part. Simon v. FIA Card Servs., N.A., 732 F.3d 259 (3d Cir. 2013) (hereinafter "Simon I").

In Simon I, we concluded that the Bankruptcy Code did not preclude the FDCPA claims and that the District Court erred in dismissing the claims for that reason. We held that certain of those claims could move forward, but expressed no opinion as to whether the violations of Rule 45 cited by the Simons were actually sufficient to state a claim under the FDCPA. As we stated: "The District Court dismissed these two remaining § 1692e claims on the basis of preclusion by the Bankruptcy Code, without reaching the question whether, if the subpoenas violated Civil Rule 45 and Bankruptcy Rule 9016, that was enough to violate the FDCPA. We will reverse the preclusion ruling without resolving whether the alleged failures to comply with Civil Rule 45, as incorporated by Bankruptcy Rule 9016, also state claims under § 1692e(5) and (13) of the FDCPA." Simon I, 732 F.3d at 270.

On remand, the case proceeded to summary judgment on three issues: (1) whether

4

defendants violated the FDCPA by failing to serve the subpoenas directly on the Simons, as required, and falsely indicating on the subpoenas that they had been mailed to the Simons, (2) whether defendants violated the FDCPA by failing to include the text of Rule 45(d)-(e) as required, and (3) whether FIA qualified as a "debt collector" under the FDCPA. The District Court concluded that the subpoenas' false representation that they had also been mailed to the Simons was not a material misrepresentation and thus was not actionable under the FDCPA. The Court further concluded that the subpoenas' noncompliance with aspects of Rule 45 did not render them violative of the FDCPA because the communications were sent only to the Simons' attorney, and a competent attorney would not have been deceived or misled by the procedural defects. On the third issue, the Court determined that FIA was not a "debt collector" and granted summary judgment in its favor; this conclusion has not been challenged on appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment, applying the same standard utilized by the district court. Jensen v. Pressler & Pressler, 791 F.3d 413, 416-17 (3d Cir. 2015). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

On appeal, the Simons argue that the District Court erred in applying the

"competent attorney" rather than the "least sophisticated debtor" standard to their claim that the subpoenas were violative of the FDCPA because they failed to comply with certain aspects of Rule 45. They also contend that the Court erred in determining that the subpoenas' other defect—the fact that they falsely stated that they had been sent to the Simons personally—was not material for purposes of the FDCPA, and that the Court erred in granting summary judgment because there remained disputed issues of fact.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." Kaymark v. Bank of Am., 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)). It is a remedial statute, and we construe its language broadly to effect its purpose. Jensen, 791 F.3d at 418. In relevant part, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute contains a non-exhaustive list of conduct that violates § 1692e, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he false representation or implication that documents are legal process." Id. § 1692e(5), (13). A debt collector that fails to comply with the statute may be liable to the debtor for actual or statutory damages. 15 U.S.C. § 1692k.

As a general matter, "we analyze the communication giving rise to the FDCPA claim from the perspective of the least sophisticated debtor." Kaymark, 783 F.3d at 174 (internal quotation marks omitted). That is, "we focus on whether a debt collector's statement in a communication to a debtor would *deceive* or *mislead* the least

6

sophisticated debtor." <u>Jensen</u>, 791 F.3d at 420. This judge-made standard is objective, "meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." <u>Id.</u> at 419. The standard is lower than that of a "reasonable debtor," <u>id.</u> at 418, and it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." <u>Lesher v. Law Offices of Mitchell N. Kay, PC</u>, 650 F.3d 993, 997 (3d Cir. 2011) (quoting <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 354-55 (3d Cir. 2000)). This approach is intended to protect "the gullible as well as the shrewd," and "the trusting as well as the suspicious." <u>Id.</u> (quoting <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir. 2006)).

In <u>Jensen</u>, we confirmed that the "least sophisticated debtor" analysis incorporates a requirement that a false statement be material in order to be actionable under the FDCPA. As we observed, "[a] debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material." <u>Jensen</u>, 791 F.3d at 421. A statement is material "if it is capable of influencing the decision of the least sophisticated debtor." <u>Id.</u> In <u>Jensen</u>, for example, a plaintiff alleged that a subpoena was false and misleading, in violation of § 1692e, because the subpoena contained an incorrect name on the signature line for the clerk of the Superior Court. This was technically a false statement, but we held that it was not actionable because it was not material, <u>i.e.</u>, "[i]t could not possibly have affected the least sophisticated debtor's ability to make intelligent decisions." <u>Id.</u> at

7

422 (internal quotation marks omitted).

In <u>Allen ex rel. Martin v. LaSalle Bank, N.A.</u>, 629 F.3d 364 (3d Cir. 2011), we held that a communication from a debt collector to a debtor's attorney, rather than the debtor himself, is actionable under the FDCPA. Acknowledging a split of authority on this issue, we concluded that such communications are actionable because "[a] communication to a consumer's attorney is undoubtedly an indirect communication to the consumer." 629 F.3d at 368.[4] We did not directly address the question of whether a communication directed to a debtor's attorney should be analyzed differently from a communication to a debtor, although we observed that the Seventh Circuit, in <u>Evory v. RJM Acquisitions Funding, L.L.C.</u>, 505 F.3d 769, 774-75 (7th Cir. 2007), had held that such communications were to be "analyzed from the perspective of a competent attorney" rather than the "least sophisticated debtor." <u>Allen</u>, 629 F.3d at 366.

Citing <u>Evory</u> and other decisions,[5] the District Court applied a "competent attorney" standard, rather than the "least sophisticated debtor" standard, to certain of the Simons' claims, because the communications had been sent to the Simons only indirectly, through their attorney. We need not address whether the Court erred in applying this

---

[4] The FDCPA's definition of "communication" is "the conveying of information regarding a debt directly <u>or indirectly</u> to any person through any medium." 15 U.S.C. § 1692a(2) (emphasis added).

[5] The Seventh Circuit's "competent attorney" standard has also been endorsed by the Eighth Circuit, see <u>Powers v. Credit Management Servs., Inc.</u>, 776 F.3d 567, 574 (8th Cir. 2015), and some district courts within our Circuit have applied the standard as well (mainly pre-<u>Allen</u>).

8

"competent attorney" standard, however, because we conclude that the Simons' FDCPA claims fail even under the less stringent "least sophisticated debtor" standard, for which they advocate. We turn our focus, therefore, to the familiar "least sophisticated debtor" analysis.

The Simons contend that the subpoenas contained a false statement (the statement that they had been sent to the Simons personally), and an omission (required language from Rule 45) that rendered the communications deceptive and misleading in violation of the FDCPA. We disagree. Although the statement that the subpoenas had been sent to the Simons personally was technically false, it was not material, and is not actionable, because it could not have had an impact on the Simons' decision with respect to their debt. See Jensen, 791 F.3d at 420-21 (summarizing Hahn v. Triumph P'ships. LLC, 557 F.3d 755, 757-58 (7th Cir. 2009)).

With respect to the omission of text from Rule 45(d)-(e), the subpoenas were technically incomplete without that text, but the omission did not render them false, deceptive, or misleading, even to the least sophisticated debtor. More specifically, the absence of this text did not render any statements in the subpoena to be false, nor did anything in the subpoenas contradict the provisions of Rule 45(d)-(e) such that a debtor would be misled or deceived into believing that the procedural safeguards of the Rule did not exist or did not apply. In other words, while the subpoenas did not affirmatively set forth the text of Rule 45(d)-(e), neither did they contradict it in any way that would mislead even an unsophisticated debtor.

The Simons' main argument appears to be that the subpoenas' noncompliance with Rule 45 rendered them unlawful, such that they falsely purported to be valid, but were in fact unenforceable. In other words, they contend that "the subpoena falsely represented itself to be a *valid* legal document, when it fact it was an *invalid* legal document," see Jensen, 791 F.3d at 422, and argue that the unenforceability of the subpoenas would not have been clear to the least sophisticated debtor. We rejected a similar argument in Jensen, and conclude that in this case, as well, the subpoenas' failure to comply with Rule 45 in certain respects did not render them false, deceptive, misleading, or otherwise violative of the FDCPA. Simply put, an unsophisticated debtor would not have been led astray.

The Simons argue that the subpoenas constituted an "attempt to pressure [them] into paying the debts rather than submit to an onerous deposition on a workday in another state," and contend that they "might have been misled to believe that they were obligated to attend a deposition in New York." (Appellant's Br. at 8, 18.) The communications themselves, however, made clear that the Simons were not necessarily obligated to attend an out-of-state examination. The subpoenas stated, on their face, that the examinations could take place "at an alternate location to be agreed upon by the parties," (App. 59, 64) and the accompanying letters suggest that Weinstein offered to hold an informal telephone conference in lieu of the examination. (See App. 58, 63 ("My office would gladly discuss with your client whether the matter can be resolved . . . and/or to reschedule it for an informal telephone conference at a mutually agreeable time prior to

the bar date.").)   Moreover, as the District Court observed, "there is no allegation that Defendants were not legally entitled to seek a Rule 2004 examination, only that the subpoena used in the attempt to effectuate the examination fell short of certain procedural requirements." (Id. at 16.)  This is key, confirming that the subpoenas did not contain a "threat to take [an] action that cannot legally be taken," in violation of § 1692e(5), because they described an action that legally could be taken.  They also did not violate § 1692e(13), which prohibits "[t]he false representation or implication that documents are legal process," because they were actual legal notices, albeit with procedural defects.[6]

Finally, the Simons argue that the District Court erred in granting summary judgment because there remained genuine issues of material fact with respect to an additional claim, specifically their claim that Weinstein had no intention of actually conducting an examination and that this was part of an intentional pattern and practice of the firm.  They contend that they raised this issue before the Court when they stated, in their opening brief at summary judgment, that "To the extent that the Court is not inclined to grant summary judgment in favor of the Plaintiff, the Plaintiff requests the opportunity to conduct discovery." (App. 236.)  As Weinstein points out, however, the Simons never formally requested discovery and never challenged defendants' statement of undisputed material facts.  A scheduling order issued by the Court on August 5, 2014 required the Simons to report to it by October 6, 2014 if discovery was needed to respond

---

[6] We express no opinion on whether a document purporting to be a subpoena could be so grossly procedurally deficient as to run afoul of this subsection.  Suffice it to say, this is not such a case.

to the defendants' motions for summary judgment; the Simons never did so.

We conclude that the Simons waived this final argument in opposition to the grant of summary judgment by having failed to present it "with sufficient specificity to alert the district court." See Brennan v. Norton, 350 F.3d 399, 418 (3d Cir. 2003) (rejecting an argument raised on appeal given only a "fleeting reference" to the argument in a brief opposing summary judgment).

## IV.

We will affirm the order of the District Court granting summary judgment in favor of FIA and Weinstein.